UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C., Plaintiff, v. HARTFORD FIRE INSURANCE COMPANY, Defendant. | ) ) ) ) ) ) ) ) ) ) )   DOCKET NO: 04-12532 RWZ |

## ANSWER OF HARTFORD FIRE INSURANCE COMPANY

Now comes Hartford Fire Insurance Company and for its Answer to Plaintiff's Complaint responds, paragraph by paragraph, as follows:

## COMPLAINT

Although it is not apparent that a response is required, Hartford denies the various unfounded and gratuitous statements and claims set forth in the two page précis to the Plaintiff's Complaint as being without factual or legal support.

## PARTIES

1.     The defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 1 of the plaintiff's Complaint and therefore puts the plaintiff to its proof.

2.     The defendant denies the allegations contained in this paragraph. Defendant is a Connecticut corporation.

## JURISDICTION AND VENUE

3.     This paragraph sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendant admits that there exists a

diversity of citizenship but does not agree that the amount in controversy exceeds the jurisdictional limit of this court.

4.      This paragraph sets forth conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

5.      Defendant admits that Exhibit A is a copy of Policy No. 08 SBA KV5829 that it issued to Aresty International but denies the allegations of paragraph 5 insofar as they seek to vary or paraphrase the terms of this coverage.

6.      Defendant admits that Aresty International claims to have suffered a water loss at its business premises on or about April 19, 2003 but is without sufficient information to admit or deny the balance of the allegations set forth in this paragraph and therefore puts the plaintiff to its proof.

7.      Defendant admits that Aresty International has claimed that it suffered these category of losses but is without sufficient information to admit or deny the balance of the allegations set forth in this paragraph and therefore puts the plaintiff to its proof.

8.      Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 8 of the plaintiff's Complaint and therefore puts the plaintiff to its proof.

9.      Defendant admits that it received notice of this loss shortly after it occurred.

10.     Defendant is without any basis for determining what Aresty International means by a "formal" claim for coverage but admits that it received certain paperwork from plaintiff in July of 2003 purporting to constitute a proof of loss.

11.     Defendant denies the allegations contained in paragraph 11 of the plaintiff's Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the plaintiff's Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of the plaintiff's Complaint.

14.     Defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 14 of the plaintiff's Complaint and therefore puts the plaintiff to its proof.

15.     Defendant denies the allegations contained in paragraph 15 of the plaintiff's Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the plaintiff's Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the plaintiff's Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the plaintiff's Complaint.

19.     Defendant admits that it requested that Jeffrey Aresty and two other employees of Aresty International submit to examinations under oath concerning the insured's claimed loss but is without sufficient information to admit or deny the balance of the allegations set forth in this paragraph and therefore puts the plaintiff to its proof.

20.     Defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

21.    Defendant admits that these individuals testified at examinations under oath on November 13, 2003 but rejects plaintiff's efforts to characterize the subject matter of their testimony but is without sufficient information to admit or deny the balance of the allegations set forth in this paragraph and therefore puts the plaintiff to its proof.

22.    Defendant admits that it received certain documents purporting to be proofs of loss but otherwise denies the allegations contained in paragraph 22 of the plaintiff's Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the plaintiff's Complaint.

24.    Defendant admits that it was contacted on several occasions by Aresty International but is without sufficient information to admit or deny the balance of the allegations set forth in this paragraph and therefore puts the plaintiff to its proof.

25.    Defendant admits that it was periodically contacted Mr. Berman concerning his client's claim.

26.    Defendant admits that it received said communications.

27.    Defendant admits that it received said communications.

28.    Defendant admits that Perry responded to Aresty and Berman on December 1, 2003.

29.    Defendant admits that Exhibit B is a copy of a letter issued by counsel for this defendant rejecting plaintiff's proofs of loss but denies the allegations in this paragraph insofar as they seek to improperly characterize or paraphrase the contents of this communication.

30.    Defendant admits that Exhibit C is a copy of John Perry's e-mail of December 3, 2003.

31.    Defendant admits that it received a letter from plaintiff's counsel dated December 29, 2003 but otherwise denies the allegations set forth in Paragraph 31 to the extent that they seek to vary or improperly paraphrase the contents of that letter.

32.    Defendant admits that it received a letter from plaintiff's counsel dated August 24, 2004 but otherwise denies the allegations set forth in Paragraph 32 to the extent that they seek to vary or improperly paraphrase the contents of that letter.

33.    Defendants admits that its letter of September 21, 2004 reaffirmed its position that the plaintiff's claim was not covered for the reason, among others, that the plaintiff had submitted fictitious invoices in support of its claim.

**COUNT I**
**(Breach of Contract)**

34.    Defendant repeats and realleges its responses to paragraphs 1 through 33 of plaintiff's Complaint as if fully set forth herein.

35.    Defendant admits that it issued a Business Insurance Policy to the plaintiff that included coverage, among others, for certain property losses at this location, as more fully detailed in Exhibit A to the Plaintiff's Complaint.

36.    Defendant admits that it issued a Business Insurance Policy to the plaintiff that included coverage for various types of losses as more fully detailed in Exhibit A to the Plaintiff's Complaint but denies the allegations in this paragraph insofar as they seek to improperly characterize or paraphrase the contents of the Hartford policy.

37.    Defendant admits that it received premiums from Aresty International for this policy.

38.     Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40.     Hartford denies that it has failed to perform its obligations under this contract in any way.

41.     Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

<u>COUNT II</u>
**(Massachusetts Consumer Protection Act)**

42.     Defendant repeats and realleges its responses to paragraphs 1 through 41 of plaintiff's Complaint as if fully set forth herein.

43.     Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.     This paragraph calls for a legal conclusion to which no response is required.

46.     This paragraph calls for a legal conclusion to which no response is required.

47.     Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

## COUNT III
**(Declaratory Judgment)**

49.    Defendant repeats and realleges its responses to paragraphs 1 through 48 of plaintiff's Complaint as if fully set forth herein.

50.    Defendant denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51.    This paragraph sets forth a description of the legal relief to which plaintiff believes that it is entitled.  To the extent that a response is required, defendant denies that plaintiff is entitled to this relief.

**AND FURTHER ANSWERING, Defendants states:**

### FIRST AFFIRMATIVE DEFENSE

Any obligations that Hartford may otherwise owe for this loss are voided by reason of any fraud that may have been committed by its insured at any time as it relates to this policy.

### SECOND AFFIRMATIVE DEFENSE

Any obligations that Hartford may otherwise owe for this loss are voided insofar as the insured, at any time, intentionally concealed or misrepresented a material fact concerning the policy, the covered property, its interest in the covered property or a claim under this policy.

### THIRD AFFIRMATIVE DEFENSE

Any obligations that Hartford may otherwise owe for this loss are voided by reason of its insured's failure to comply with certain conditions precedent or subsequent to coverage.

## FOURTH AFFIRMATIVE DEFENSE

Any obligations that Hartford may otherwise owe for this loss are subject to certain policy limits and deductibles.

## FIFTH AFFIRMATIVE DEFENSE

Hartford is not liable for any claim under Massachusetts General Laws Chapter 93A or 176D inasmuch as its conduct with respect to Aresty has all times been appropriate and in accordance with the law and regulations of the Commonwealth of Massachusetts.

**AND FURTHER ANSWERING,** defendant Hartford Fire Insurance Company (hereinafter "Hartford") sets forth the following Counterclaim:

1.      In April 2003, Defendant-in-Counter-Claim Aresty International (hereinafter "Aresty") claimed to have suffered a water loss at its business premises in Boston, Massachusetts.  At the time of this claimed loss, Aresty was insured by Harford under Policy No. 08 SBA KV5829.

2.      The Hartford policy stated, in pertinent part, that:

> This policy is void in any case of fraud by you at any time as it relates to this policy.  It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning (1) this policy; (2) the Covered Property; (3) your interest in the Covered Property; or (4) a claim under this policy.

3.      Since April 2003, Aresty has presented certain materials to Hartford through a public adjuster, Larry Berman, purporting to document its claimed loss.

4.      Following the April 2003 water loss, Berman forwarded to Hartford a bill for time spent by Jeffrey Aresty and Richard Breines in connection with the water loss

and its insurance claim.  This time was charged out at an hourly rate that exceeded the rate that these individuals normally charge for legal work for paying clients.

5.    The submission also included hourly charges for an office intern, Michelle Sadon.  The submission charged out Sadon's time as a "paralegal" despite the fact that she was not a paralegal; did not provide legal services to clients; that her time had not been billed to clients in the past and that she was paid a regular stipend of $1000 a month without taking into account hours worked.

6.    Despite the fact that Berman knew that an insured's personal time could not be recovered as "Extra Expense" he submitted these materials to Hartford on or about May 20, 2003.

7.    Following receipt of this first submission, Hartford advised Berman and the principals of Aresty on May 30, 2003 and June 26, 2003 that the policy did not cover their own time and that "Extra Expense" coverage only extended to costs that were "incurred" by the insured, as where the sums were billed to Aresty by a third party.

8.    In a further effort to persuade Hartford to pay for the insured's own time, Jeffrey Aresty directed Michelle Sadon to create various fictitious invoices.

9.    Aresty and Berman then submitted a second set of documents in an effort to induce Hartford to pay "Extra Expenses."

10.    The materials that Aresty and Berman submitted to Hartford were false and fraudulent in numerous respects, including but not limited to the following:

a.    An invoice was submitted on behalf of an entity known as "Michelle & Associates."  Upon information and belief, "Michelle & Associates" is a fictitious entity.

b.    An invoice was submitted on behalf of an entity known as "Building Boys." Upon information and belief, "Building Boys" is a fictitious entity.

c.    Invoices were submitted on behalf of "Jeffrey Aresty" and "Richard Breines." Upon information and belief, these two individuals, who were principals of Aresty International, had no right to bill the law firm for such services, nor was the time in question ever actually billed to Aresty, nor did Aresty ever pay or incur these costs.

d.    The invoices submitted on behalf of Aresty and Breines included a charge for an 8.6% sales tax even though legal services are not subject to a sales tax in Massachusetts.

e.    The invoices were in fact created by Michelle Sadon on the Aresty firm's computer with the aid of an Excel template that helped her add fictitious logos and designs for each "bill."

11.    In reliance on these materials and other representations of Aresty and Berman, Hartford agreed to advance Aresty forty-five thousand dollars ($45,000.00) against what might ultimately be owed under the policy.

## COUNT I
### (Fraud)

12.    Plaintiff-in-Counterclaim Harford repeats and realleges paragraphs 1-11 as if fully restated herein.

13.    Aresty false represented certain material facts to Hartford, with knowledge of their falsity, for the purpose of enticing Hartford to pay losses that were not owed under its policy. These facts include but were not limited to:

- Invoices were submitted on behalf of fictitious entities.

- The invoices contained fictitious billing.

- The sums allocated to these tasks were artificially calculated and bore no relationship to sums that were actually charged.

- Aresty falsely represented that it had paid these sums or was under a legal obligation to pay them to third parties.

- The invoices were artificially inflated by adding an 8.6% sales tax.

14.    Hartford relied on these representations in advancing forty-five thousand dollars ($45,000.00) to Aresty before discovering Aresty's fraud.

15.    Aresty's false swearing defeats any rights to coverage that it might otherwise have for the claimed April 2003 water loss.

16.    Hartford is entitled to repayment of all sums previously advanced with respect to Aresty's claimed April 2003 water loss.

## COUNT II
### (Misrepresentations)

17.    Plaintiff-in-Counterclaim Harford repeats and realleges paragraphs 1-16 as if fully restated herein.

18.`    Aresty knowingly and intentionally misrepresented various facts to Hartford concerning its claim under Hartford policy, including but not limited to:

- Bills were submitted in a manner calculated to lead Hartford to believe that third parties had undertaken this work for which bills had been sent to and paid by Aresty.

- The invoices were fictitious.

- The sums allocated to these tasks were artificially calculated and bore no relationship to sums that were actually charged.

- Aresty is seeking recovery for all of these costs notwithstanding the fact that it has not paid these amounts and has no right to reimbursement for them.

- The invoices included an 8.6% sales tax despite the fact that legal services are not subject to a sales tax in Massachusetts.

19.    Aresty knowingly exaggerated the sums billed and re-packaged them in an effort to place itself in a more advantageous position with respect to Hartford.

20.    Aresty's misrepresentations defeat any rights to coverage that it might otherwise have for the claimed April 2003 water loss.

21.    Hartford is entitled to repayment of all sums previously advanced with respect to Aresty's claimed April 2003 water loss.

WHEREFORE, Hartford Fire Insurance Company, respectfully asks:

1.    That the plaintiff's Complaint be dismissed;

2.    That this Court enter a declaration that Hartford is relieved from any obligation to pay Aresty for the claimed April 2003 water loss;

3.    That this Court enter a declaration that Hartford is entitled to recover on its Counterclaim;

4.    That Aresty be directed to repay Hartford for the sums advanced pursuant to this claimed loss, together with interest thereon;

5.    That Hartford be awarded its attorney's fees;

6.    And for such other and further relief as this Court may deem appropriate.

Respectfully submitted,
The defendant,
Hartford Fire Insurance Company,
By its attorneys,

*/s/ Michael F. Aylward*

_____
Michael F. Aylward, BBO #024850
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

Dated:  January 18, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 18th day of January, 2005.

/s/ Michael F. Aylward

_____