UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C. ) ) ) ) Plaintiff, ) ) v. ) ) ) HARTFORD FIRE INSURANCE COMPANY ) ) Defendant. ) ) | CASE NO. 04-12532 RWZ |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

Plaintiff Aresty International Law Offices, P.C., pursuant to this Court's order dated February 28, 2005, hereby submits its Pre-Trial Memorandum.

**Procedural History**

This matter came before the court for an initial conference on February 22, 2005. At that time the court scheduled the pre-trial conference for March 29, 2005. On February 28, 2005 the court moved the pre-trial conference to March 22, 2005. As this matter is currently scheduled for trial commencing April 18, 2005, the parties have attempted to schedule depositions and related discovery in a very short period of time.

While initial deposition notices were issued by the plaintiff for March 17 and 18, 2005, due to scheduling conflicts these depositions did not go forward. The parties at this time have agreed that depositions will go forward the week of March 28, 2005, after the

scheduled pre-trial conference. Of necessity, therefore, the following information required by this court's order is incomplete.

**Plaintiff's Responses to Pre-Trial Order**

1. Plaintiff's counsel:   James T. Hargrove & Derek Domian
   Goulston & Storrs PC
   400 Atlantic Avenue
   Boston, MA  02210

2. The case is to be tried without a jury.

3. Aresty International Law Offices, P.C. ("Aresty International") has brought this insurance coverage action against its insurer, Hartford Fire Insurance Company ("Hartford"), for bad faith settlement practices. In December 2002, Aresty International purchased a business insurance policy from Hartford for its business premises at Union Wharf, Boston, Massachusetts. In April 2003, the covered premises suffered substantial water damage. The water damage destroyed much of Aresty International's business property and income, and caused Aresty International to incur significant expenses in its effort to relocate and sustain the business.

   Aresty International promptly and appropriately submitted claims for the loss to Hartford. In support of its claims, Aresty International investigated and documented the loss, permitted inspections of the damaged property by Hartford representatives, provided extensive documentation, and submitted sworn statements in proof of loss as requested by Hartford. Hartford never disputed that the water damage occurred, or that Aresty International sustained substantial damage and expenses because of it. Nevertheless, without reasonable explanation, Hartford never made more than partial payments under the policy. For over eight months, in deliberate disregard of the documentation that it had requested and received, Hartford refused to take a position with respect to Aresty International's claims. Then, in December 2003, Hartford stopped communicating with Aresty International altogether. Hartford's legal counsel informed Aresty International that Hartford did "not necessarily agree" with the amount of loss suffered by Aresty International, and that it would be denying all of Aresty International's claims due to four invoices that Aresty International had submitted five months earlier, at the request of Hartford, in support of one of the claims. Hartford alleged that the invoices were false and forged, even though Aresty International had already explained the circumstances leading to their creation in an examination under oath requested by Hartford's legal counsel.

   Aresty International informed Hartford that neither the facts nor the law supported its position, and asked that Hartford acknowledge its obligations under the policy.

       Despite additional correspondence that specifically addressed and refuted each of the grounds advanced by Hartford for denying Aresty International's claims, Hartford has refused to alter its position. Aresty International thus seeks a declaration by this Court of its rights and Hartford's obligations under the policy, damages for breach of the insurance contract, and multiple damages, costs, and attorneys' fees due to Hartford's deceptive and unfair trade practices as demonstrated by the manner in which Hartford has handled the settlement of Aresty International's claims.

4. Stipulations cannot be made at this time. The parties will stipulate to those facts established as a result of the scheduled depositions.

5. Contested issues of fact cannot be fully stated at this time. These facts will be fully determined once depositions have been completed.

6. There are no jurisdictional questions.

7. There are no contested issues of law.

8. The plaintiff does not, at this time, request amendments to the pleadings. Once discovery has been completed the plaintiff may desire to modify its response to this inquiry.

9. None known at this time.

10. The plaintiff's case should take 2 trial days.

11. A preliminary list of plaintiff's fact witnesses is as follows:

    a. Jeffrey Aresty, Esq.
    b. Andrew Brienes, Esq.
    c. Michelle Sidon
    d. Lawrence Berman
    e. John Perry
    f. Floyd Draper
    g. James Carey, CPA

       The plaintiff reserves the right to supplement this list once discovery has been completed. At the present time the plaintiff cannot state whether it will call expert witnesses.

12. As discovery in this matter is not complete, including automatic disclosure on the part of the defendant (not scheduled to be received until April 1, 2005) the plaintiff is unable to list the exhibits that will be used at trial with specificity. In general, the documents will consist of those documents submitted to the defendant in support of its claims of coverage under the subject insurance policy, the claims file held by the defendant, and other related documents.

Respectfully submitted,

**Aresty International Law Offices, P.C.**

By its attorney,

/s/James T. Hargrove
James T. Hargrove (BBO# 550975)
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Dated: March 18, 2005