UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>  Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>  Defendant. | DOCKET NO: 04-12532 RWZ |

**DEFENDANT'S PRE-TRIAL MEMORANDUM**

Defendant, Hartford Fire Insurance Company, respectfully submits the following status report in accordance with this Court's order of February 28, 2005.

Although the parties had originally hoped to have the case ready for trial by the week of April 18, scheduling problems with counsel and witnesses have necessitated a motion to continue that was filed with this Court on March 18. Owing to the difficulty of scheduling these depositions, some of the information requested by the court's order cannot be supplied at this time but will be seasonably supplemented. The following sets forth the material that can be provided, however:

1. **Trial Counsel (for the defendant):**

Michael F. Aylward
Morrison Mahoney LLP
(617) 439-7556

2. **Whether the case is to be tried to a jury.**

No.

3.   **A concise summary of defendant's contentions**

Defendant contends that Aresty sought, through false and fraudulents efforts, to dupe it into paying certain internal costs that were outside the scope of the "extra expense" coverage under the first party insurance policy that it issued to plaintiffs.

a.   The policy's "extra expense" coverage only extends to expenses that were actually "incurred by the insured." The sums that Aresty attempted to get Hartford to pay reflected bogus invoices purporting to document work undertaken by the insured's own employees.

b.   The Hartford policy provides that "this policy is void in any case of fraud by you at any time as it relates to this policy. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning (1) this policy; (2) the Covered Property; (3) your interest in the Covered Property; or (4) a claim under this policy.

In this case, the principals of Aresty, International, having previously been told that its "extra expense" coverage only applied to work billed to it by third parties, instructed a 20 year BU intern to dummy up some fictitious invoices on the firm's computer under names such as "Building Boys" and "Michelle & Associates." Not only were the invoices ficticitious but the sums charged on them were artificially calculated and bore no relationship to sums that were actually charged. These bills were submitted in a manner calculated to lead Hartford to believe that third parties had undertaken this work.

In <u>Gechijian v. Richmond Insurance Co</u>., 11 N.E.2d 478, 298 Mass. 487 (1937), the Supreme Judicial Court held that a policyholder forfeits its right to obtain coverage for a first party loss if the insured "knowingly exaggerated the sound value of the property in order to be in a more advantageous position to be paid for the real loss suffered" even if the insured did not do so with an intent to perpetrate a fraud on the insurer. In such circumstances, the court ruled that "when it is established ... that the insured has not only made false statements, even in such a matter as value, for the purpose of influencing the adjustment of the loss, public policy demands that the contract be so construed as to discourage such conduct and to give full protection to the insurer." <u>See also Bennie Bockser v. Dorchester Mutual Fire</u>, 99 N.E. 2d 640, 327 Mass. 473 (1951).

Although not necessary to its proofs, Hartford further contends that its insureds have engaged in fraud in their efforts to gain advantage over Hartford in their presentation of this claim. Under Massachusetts law, fraud exists where a party had made a false representation of material fact, with knowledge of its falsity, for the purpose of enticing the plaintiff to take action that was reasonably relied on by the other party to his detriment. <u>Thornton v. Harvard University</u>, 2 F.Supp. 2d. 89 (D. Mass. 1998); <u>Zuckerman v. McDonald's Corp</u>., 35 F.Supp. 2d

135 (D. Mass. 1999).  Fraud may be perpetrated by an implied as well as an express representation.  Further, where the plaintiff provides a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment but is susceptible of actual knowledge, it is not necessary to make any further proof of an actual intent to deceive.  <u>Dushkin v. Desai</u>, 18 F.Supp. 2d 117 (D. Mass. 1998); <u>Nota Const. Corp. v. Keyes Associates</u>, Inc., 45 Mass. App. Ct. 15 (1998).  "Materiality" for purposes of fraud is defined as whether a reasonable man would attach importance to the facts not disclosed in determining his choice of action in the transaction in question.  <u>Rodowicz v. Massachusetts Mutual Life Ins. Co.</u>, 3 F. Supp. 1481 (D. Mass. 1998).  In this case, whether the intent to commit fraud was express or implied, the subject matter was plainly material to Hartford's consideration of the insured's claim.

### 4. Stipulated Facts

As discovery is on-going, the parties are not yet in a position to agree on those facts that can be stipulated to.

### 5. Contested Issues of Fact.

As discovery is on-going, the parties are not yet in a position to agree on those facts that are contested.

### 6. Jurisdictional Issues

None.

### 7. Issues of Law

As above, it is the contention of Hartford that false statements made in connection with the presentation of a first party claim defeats coverage for the entirety of the insured's claim.  <u>Gechijian v. Richmond Insurance Co</u>., 11 N.E.2d 478, 298 Mass. 487 (1937).

### 8. Amendments to the Pleadings

None needed.

### 9. Additional Matters

Not applicable.

### 10. Probable Length of Trial

Two to three days.

### 11. Witnesses

As discovery is on-going, the parties are not agreed on the witnesses who will testify at trial. At this point, however, the likely witnesses include:

a. Jeffrey Aresty (principal of Aresty International)

b. Andrew Breines (former Aresty partner)

c. Michelle Sadon (former summer intern)

d. Larry Berman (insured's public adjuster)

e. John Perry (Hartford claims adjuster)

f. Floyd Draper (Hartford claims adjuster).

### 12. Trial Exhibits

As discovery is on-going, the parties are not yet in a position to agree on the exhibits that will be submitted at trial.

>Respectfully submitted,
>The defendant,
>Hartford Fire Insurance Company,
>By its attorneys,
>
>/s/ Michael F. Aylward
>
>_____
>Michael F. Aylward, BBO #024850
>MORRISON MAHONEY LLP
>250 Summer Street
>Boston, MA  02210
>(617) 439-7500

Dated:  March 21, 2005

      I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 21st day of March, 2005.

                            */s/ Michael F. Aylward*
                            _____