UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>    Defendant. | DOCKET NO: 04-12532 RWZ |

### EMERGENCY MOTION TO CONTINUE OR BIFURCATE

Now comes the defendant Hartford Fire Insurance Company ("Hartford"), and respectfully asks that this Court either postpone the trial date scheduled for June 6, 2005 or agree to bifurcate it. In support of this motion, Hartford states as follows:

1.    This case was only filed six months ago. The accelerated setting of an early trial date was due to counsel's belief that only two days would be required to try the discreet issue of whether the policyholder's presentation of fictitious invoices was in breach of the Hartford insurance policy's provisions and therefore defeated coverage in light of Gechijian v. Richmond Ins. Co., 11 N.E.2d 478, 298 Mass. 487 (1937)(insured who knowingly exaggerates claim loses coverage whether or not he did so with an intent to perpetrate an actual fraud so long as the exaggeration was for the purpose of influencing the adjustment of the loss).

2.    It has since become clear that Aresty intends to present numerous other issues and claims at trial including the value of a claim for business

income; damage to valuable papers and damage to personal property. These aspects of the insured's claim were never fully adjusted as the claim was denied based on Hartford's conclusion that Aresty had engaged in false swearing and misrepresentations based upon the "extra expense" documentation that had been submitted up to that point. Further, the documentation that Aresty has to date provided comprises only a single page describing the alleged effort required to recreate certain valuable records. Likewise, the "proof of loss" submitted with respect to the claim for business income merely stated that the amount was "to be determined."

      3.    As a result, counsel for Hartford has sought documentation of these claims over the past two months but, to date, has received little in response, notwithstanding the fact that any supporting documents would seemingly fall within the plaintiff's duties of automatic disclosure under the Local Rules of this court.

      4.    The plaintiff's claims for lost business income, valuable papers and damage to personal property (the "scope of coverage" issues) set forth discreet legal and factual issues that have nothing to do with the legal issue of whether Aresty engaged in false swearing and misrepresentation by submitting various fictitious invoices (the Gechijian issues) Further, these "scope of coverage" issues would be rendered moot in the event that Hartford prevails with respect to the Gechijian defense.

  5. Although the court previously set June 6 as a trial date, no final pre-trial conference has even been held in this case, nor have final pre-trial statements been filed designating witnesses or exhibits.

  6. Hartford proposes, therefore, that a trial date be set in July with respect to the false swearing and misrepresentation issues as well as plaintiff's contention that Hartford's denial of coverage on this basis violates Massachusetts General Laws, Chapter 93A.

  7. If plaintiff prevails in Phase One, a second and final phase may proceed within 90 days so that the parties may take all necessary discovery in the interim as to the extent of the insured's loss and may file appropriate motions for summary judgment as to the discrete legal issues presented by any remaining aspects of the loss that are still in dispute after further investigation by the parties including, but not limited to, the following:

    (a) Whether the Hartford policy provides coverage for an alleged loss to certain unspecified legal records where no such costs have actually been incurred by the policyholder; and

    (b) What the period of suspension of business operations and consequent lost income was for these premises.

  8. It is Hartford's hope and expectation that many of these remaining issues may be resolved or agreed to without he need for intervention by the Court.  More to the point, there is nothing to be gained by consuming the Court's time and resources by prematurely litigating the scope of coverage for these latter aspects of Aresty's claim when a proper factual record does not presently exist and the issues may become moot as the result of the Court's disposition of the <u>Gechijian</u> issues.

WHEREFORE, Hartford respectfully proposes that any trial that this court may schedule for July be limited to the threshold issues concerning whether any rights to coverage that Aresty might otherwise have were waived by the insured's presentation of this loss (the "Gechijian" issues) and that evidence, argument and rulings with respect to the "scope of coverage" issues be deferred to a separate phase to commence 90 days or later following this court's rulings in Phase One of the case.

Respectfully submitted,
The defendant,
Hartford Fire Insurance Company,
By its attorneys,

/s/ Michael F. Aylward

_____
Michael F. Aylward, BBO #024850
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

Dated:  June 2, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 2nd day of June, 2005.

/s/ Michael F. Aylward
_____