UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY<br><br>Defendant. | CASE NO. 04-12532 RWZ |

**PLAINTIFF'S EMERGENCY MOTION TO CONTINUE TRIAL DATE**

Plaintiff Aresty International Law Offices, P.C. ("Aresty"), hereby files this Emergency Motion to continue the trial date scheduled for June 6, 2005. Plaintiff files this Emergency Motion in response to Defendant's failure to cooperate with Plaintiff in an effort to conclude discovery by the date of trial, including Defendant's failure to make available for deposition the person acknowledged by two representatives of the Hartford as ultimately responsible for the decision to deny Plaintiff's insurance claim. In further support of this Emergency Motion, Plaintiff states the following:

1. At the initial Pretrial Conference on February 22, 2005, counsel for both parties agreed to a trial date of April 18, 2005. Given the short trial deadline, counsel for both parties understood the need to conduct prompt and streamlined discovery.

2. At the Pretrial Conference, counsel for Plaintiff indicated the need to conduct the deposition of the persons responsible for adjusting and denying Plaintiff's subject claim, as well as the limited production of documents in connection with such depositions. Counsel for



1

Defendant indicated the need to conduct minimal discovery beyond the documentation that the Hartford had already received during the course of Plaintiff's presentation of its insurance claim.

3.  On March 4, 2005, Plaintiff noticed the depositions of the following persons: (1) John Perry and Floyd Draper, as the claims adjusters directly responsible for the adjustment of Plaintiff's claim; (2) Carey & Company, as the forensic accounting firm retained by Defendant to assist in the adjustment and analysis of Plaintiff's claim; and (3), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the officer, director, managing agent or other person designated by the Hartford as having the most knowledge concerning, among other things, "Hartford's denial of Aresty International's claims for coverage under the Policy." Plaintiff noticed these depositions for mid to late March.

4.  Defendant made Mr. Perry available for deposition on April 5, 2005, and Mr. Draper on April 12 and 21. At this time, Defendant represented that Messrs. Perry and Draper qualified as the persons having the most knowledge concerning the subject matters identified in Plaintiff's 30(b)(6) notice of deposition.

5.  During the course of deposing Messrs. Perry and Draper, however, it became clear that neither of them had the authority to deny Plaintiff's claim for coverage. Both Mr. Perry and Mr. Draper testified that another person at the Hartford, Robert Percopo, had acted as their direct supervisor at all times during the adjustment of Plaintiff's claim, and that Mr. Percopo alone had authority to deny Plaintiff's claim.

6.  Their testimony confirmed information contained in documents produced in connection with the depositions that Mr. Percopo had coordinated and ultimately executed the Defendant's denial of Plaintiff's claim.

7.  On the revelation of Mr. Percopo's identity and the central role he played in denying Plaintiff's claim, on April 7, 2005, counsel for Plaintiff sent a letter to Defendant's counsel requesting the deposition of Mr. Percopo and another Hartford supervisor, Sam Rizatelli, pursuant to Harftord's Rule 30(b)(6) obligations.

8.  On at least three additional occasions, from April 18 to May 27, 2005, Plaintiff's counsel provided Defendant with written requests for the deposition of Mr. Percopo. Although Defendant's counsel acknowledged that Mr. Percopo would have to be deposed considering his role in the denial of the subject claim, Defendant's counsel never provided a date and time at which he would make Mr. Percopo available for deposition.

9.  In recognition of the growing futility of securing Mr. Percopo's deposition as an extension of Plaintiff's original Rule 30(b)(6) notice, Plaintiff formally noticed the deposition of Mr. Percopo on May 27, 2005 for June 2, 2005, two business days prior to the date of trial.

10. By June 2, Defendant's counsel had not indicated whether he would be able to provide Mr. Percopo for deposition.

11. Defendant's failure to provide Mr. Percopo for deposition has deprived Plaintiff of essential discovery concerning the bases and motives for the Hartford's decision to deny Plaintiff's claim. For example, neither Mr. Perry nor Mr. Draper was able to offer testimony concerning what information Mr. Percopo had available to him in deciding to deny Plaintiff's claim.

12. Defendant's failure to provide Mr. Percopo for deposition has also made it impossible for Plaintiff's expert witness to prepare and complete his report concerning his evaluation of Hartford's decision to deny the subject claim.

13. Inasmuch as the Harford has set forth multiple affirmative defenses alleging fraud, forgery, and misrepresentations by Plaintiff as grounds for denying Plaintiff's claims, Defendant's failure to provide Mr. Percopo has also deprived Plaintiff of an opportunity to examine prior to trial the one witness capable of offering testimony on these points.

14. By Joint Motion to Continue Trial Date submitted on May 10, 2005, Plaintiff agreed to postpone the date of trial until June 6 specifically to enable the parties to conclude discovery. In the Joint Motion, Plaintiff specifically identified Mr. Percopo's deposition as an outstanding discovery issue to be completed by then.

15. Defendant's primary response has been to delay and ultimately take no position with respect to Plaintiff's discovery requests. Defendant has used the two previous extensions of the trial date--one on Defendant's own motion, the other on the joint motion--either to engage in prolonged periods of inaction in which Plaintiff's discovery requests go unheeded, or to raise frivolous discovery requests of its own for the sole purpose of obstructing Plaintiff's discovery. Indeed, despite Defendant's recent requests for the depositions of key individuals involved in Plaintiff's claim--Jeffrey Aresty, Andrew Breines, and Michelle Sadon--and despite the Plaintiff's efforts to schedule dates and times at which these individuals could be made available, Defendant has never demonstrated a genuine desire to depose them. Rather, these deposition requests have been used by Defendant merely as counterproposals designed to frustrate each of Plaintiff's requests for Mr. Percopo's deposition.

16. Defendant's unreasonable discovery conduct has exhausted another limited time period in which to complete essential discovery.

WHEREFORE, Plaintiff respectfully asks this Court to postpone the date of trial for one additional month, and to order any further and additional relief the Court may deem proper in

ensuring that Defendant comply with its discovery obligations, in order to enable Plaintiff to conclude any essential and outstanding discovery.

        ARESTY INTERNATIONAL
        LAW OFFICES, P.C.

        By its attorneys,

        _____
        James T. Hargrove (BBO# 550975)
        Derek B. Domian (BBO# 660568)
        Goulston & Storrs, P.C.
        400 Atlantic Avenue
        Boston, Massachusetts 02110-3333
        (617) 482-1776

Date: June 2, 2005

## CERTIFICATE OF SERVICE

I, James T. Hargrove, counsel of record for the plaintiff Aresty International Law Offices PC, hereby certify that on June 2, 2005, I caused to have hand-delivered the referenced Emergency Motion to Continue Trial Date, upon Michael Aylward, counsel of record for the defendant Hartford Fire Insurance Company, at the offices of Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts.

James T. Hargrove  BBO#550975

Date 6.2.05