UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| ARESTY INTERNATIONAL LAW | ) | |
| OFFICES, P.C., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO:  04-12532 RWZ |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |
| | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE
DESIGNATION OF A RULE 30(b)(6) WITNESS**

Defendant Hartford Fire Insurance Company ("Hartford") respectfully opposes plaintiff's Motion to Compel the designation of a "most knowledgeable" witness as provided for under Rule 30(b)(6) of the Federal Rules of Civil Procedure for all Hartford employees with *any* knowledge have, in fact, already been made available for deposition.  Under the circumstances, no conceivable benefit would be gained by requiring Hartford to designate a "person most knowledgeable" since there are no other persons with knowledge available whose testimony could be compelled who have not already been exhaustively examined in this litigation

1.    This lawsuit arises out of an April 2003 water loss at the offices of Aresty International.  The loss was initially investigated by a general adjuster (Floyd Draper) but responsibility was later transferred to a large loss adjuster (John Perry).  These individuals reported to Robert Percopo, Hartford's property claims manager.

2.    Draper, Perry and Percopo have all been deposed by Aresty's lawyers in this case and have been exhaustively examined concerning hundreds of pages of claim documents and other materials that were produced by Hartford as part of its automatic disclosure.    Additionally, Hartford has voluntarily produced James Carey of Carey & Company, the outside accountant used by Hartford to evaluate certain financial aspects of Aresty's claim during the adjustment process.

3.    A single Hartford employee remains to be deposed.    Samuel Rizzitelli, a Home Office consultant whose involvement with this matter is limited to an exchange of e-mails with John Perry on November 25, 2003 and again on December 2, 2003 in which he reviewed and approved the decision to deny coverage based upon the false swearing and fictitious invoices submitted by Aresty in support of its claim, is scheduled to be deposed on June 30, 2005.

4.    Draper, Perry, Percopo and Rizzitelli are the only Hartford employees who had any involvement in the investigation, adjustment and ultimate decision to deny Aresty's claim.    There is no other Hartford employee with any knowledge or involvement with respect to the decision to deny coverage.

5.    Each of the individuals deposed in this case played a separate role in the investigation and decision to deny Aresty's claim and testified factually to their role.    The fact that none of these witnesses possessed all of the knowledge of the others is not a basis for now ordering Hartford to produce a 30(b)(6) witness.

2

WHEREFORE, Hartford respectfully asks that this Motion be denied in full and that it be awarded its reasonable costs and attorney's fees for responding to this frivolous demand.

> Respectfully submitted,
> The defendant,
> Hartford Fire Insurance Company,
> By its attorneys,
>
> */s/ Michael F. Aylward*
> _____
> Michael F. Aylward, BBO #024850
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

Dated: June 23, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 23rd day of June, 2005.

> */s/ Michael F. Aylward*
> _____