UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 04-12532 RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY WITH RESPECT TO INADVERTENTLY DISCLOSED DOCUMENTS PURSUANT TO FED.R.CIV.P. 37

In accordance with Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules, plaintiff Aresty International Law Offices, P.C. ("Aresty"), hereby moves for an order compelling further discovery with respect to certain inadvertently disclosed documents by the defendant Hartford Fire Insurance Company ("Hartford"). In particular, Aresty seeks to compel (1) the Hartford to answer questions posed to one of its deponents concerning the content of certain inadvertently disclosed documents and (2) the production of all other documents in the Hartford's possession, custody, or control relating to the subject matter of the inadvertently disclosed documents. If the Court finds that the Hartford's inadvertent discloses did not waive the attorney-client privilege with respect to the disputed documents, Aresty seeks leave of Court under Rule 30(a)(2) to continue the deposition of John Perry of the Hartford concerning the general subject matter of the disputed documents. As is shown more fully in the supporting memorandum attached hereto, the Court should grant Aresty's motion because the motion seeks the disclosure of information relevant to the subject matter of the underlying dispute, and

because the Hartford has waived any claim of privilege through counsel's inadvertent disclosures.

WHEREFORE Aresty respectfully requests that the Court grant its Motion for the following relief under Rules 30 and 37:

1. Finding that the Hartford waived the attorney-client privilege with respect to the following documents as a result of the Hartford's counsel's inadvertent disclosures:

    A. HART 0529-0530: letter from Attorney Dugan to Mr. Perry concerning the Hartford's December 2 denial letter, dated December 3, 2003;

    B. HART 0532: letter from Attorney Dugan to Mr. Perry concerning the initiation of settlement discussions with Aresty, dated December 15, 2003;

    C. HART 0625: fax over letter from Attorney Dugan to Mr. Perry concerning denial letter, dated December 3, 2003;

    D. HART 0628: fax cover letter from Mr. Perry to Attorney Dugan authorizing the denial letter, dated December 1, 2003;

    E. HART 630: fax cover letter from Attorney Dugan to Mr. Perry contents unknown, dated December 16, 2003;

    F. HART 0643-0644: invoice from Attorney Dugan to Mr. Perry for services rendered from September 22 to September 30, 2003, dated October 29, 2003;

    G. HART 0698: fax cover letter from Attorney Dugan to Mr. Perry enclosing the examinations under oath conducted by Attorney Dugan of Aresty employees and a paralegal, dated December 12, 2003;

    H. HART 0724: letter from a Hartford paralegal to Mr. Aylward enclosing a copy of the Hartford home office file, dated April 18, 2005;

    I. HART 0725: letter from Attorney Dugan to Sam Rizzitelli, home officer manager and supervisor of John Perry, enclosing the examinations under oath conducted by Attorney Dugan of Aresty employees and a paralegal, dated December 30, 2003.

2. Finding that the Hartford waived the attorney-client privilege with respect to all other documents within the Hartford's possession, custody, or control that relate to the subject matter of the documents identified above, and compelling their disclosure;

3. Compelling the Hartford to answer by deposition questions posed to it on the contents of the inadvertently disclosed documents and other documents relating to their subject matter;

4. If the Court finds that the disputed documents are protected by the attorney-client privilege, an order allowing Aresty to continue the suspended deposition of John Perry on the subject matter of the Hartford's denial of Aresty's insurance claims;

5. Granting Aresty the reasonable expenses, including attorney's fees, incurred in making this motion; and

6. Any such further orders as the Court deems just and appropriate.

ARESTY INTERNATIONAL
LAW OFFICES, P.C.

By its attorneys,

James T. Hargrove (BBO# 550975)
Derek B. Domian (BBO# 660568)
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Date: July 15, 2005

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

Aresty International Law Offices, P.C., through its attorneys, certifies that it has complied with the provisions of Local Rule 37.1, by conferring with counsel of the Hartford Fire Insurance Company and the Court at the July 13, 2005 Status Conference.

_____
James. T. Hargrove
Derek B. Domian

Date: July 15, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document and supporting memorandum was served upon counsel of record for the defendant Hartford Fire Insurance Company, Michael F. Aylward, Morrison Mahoney LLP, 250 Summer Street, Boston, Massachusetts 02210 by mail on July 15, 2005.

_____
Derek B. Domian

GSDOCS\1509441.1