UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>       Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>       Defendant. | DOCKET NO: 04-12532 RWZ |

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant, Hartford Fire Insurance Company ("Hartford") hereby opposes the Plaintiff's Motion to Compel Discovery for the reasons set forth in the attached Memorandum of Law and the Affidavit of Michael F. Aylward, Esq. For reasons stated in these materials, Hartford asks that the Plaintiff's Motion to Compel be denied and that an Order be entered declaring that the documents in question are subject to a continuing privilege and that it need not produce John Perry for further pre-trial deposition testimony and for such other relief as this Court may deem proper.

                        Respectfully submitted,
                        The defendant,
                        Hartford Fire Insurance Company,
                        By its attorneys,

                        /s/ Michael F. Aylward

                        Michael F. Aylward, BBO #024850
                        MORRISON MAHONEY LLP
                        250 Summer Street
                        Boston, MA  02210
                        (617) 439-7500

Dated:  August 1, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 1st day of August, 2005.

*/s/ Michael F. Aylward*
_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C., <br>     Plaintiff, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY, <br>     Defendant. | DOCKET NO: 04-12532 RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant, Hartford Fire Insurance Company ("Hartford") hereby opposes the Plaintiff's Motion to Compel the continued deposition of John Perry or to force inquiry concerning certain privileged communications between Hartford and its coverage counsel. For the reasons stated below, this further discovery should not be allowed and Aresty's motion should be denied.

I. **The Inadvertent Disclosure of These Documents Is Not Grounds For Finding That Their Privileged Content Was Waived.**

On Friday April 1, 2005, Hartford produced its entire claims and underwriting file to Aresty, comprising over seven hundred pages of documents.[1] Counsel for Aresty had demanded that the materials be produced by the close of business on Friday as the first deposition in this case was due to occur the following Tuesday, April 5.

On Monday, counsel for Hartford noticed that its production had inadvertently included a few pages of privileged communications between Morrison Mahoney and Hartford, and contacted counsel for Aresty requesting their return or destruction.

---
[1] The chronology of events concerning these exchanges is set forth in the attached Affidavit of Michael Aylward.

1

Counsel for Aresty (James Hargrove, Esq.) responded by advising that there had in fact been a few other documents that had been included in the production and requested a privilege log. Following several more e-mail exchanges, counsel for Hartford faxed a privilege log that evening listing three letters and a bill that it claimed were privileged and should be returned. Hargrove responded that they were unwilling to return or destroy these materials.

Hartford submits that the interrogation of its claims representation with respect to privileged communications from counsel was subject to the attorney/client privilege and that that privilege was not waived by its inadvertent production of a few pages of documents as among the several hundred that were produced.

In light of the test proposed in cases such as Amgen, Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 292 (D. Mass. 2000) and International Digital Systems Corp. v. Digital Equipment Corporation, 120 F.R.D. 445, 449-450 (D. Mass. 1998) the balance of the equities requires a finding that the privileged character of these communications be maintained. Counsel for Hartford discovered the error on the Monday after a Friday document production and immediately sought to retrieve the documents. Counsel for both parties responsibly undertook a dialogue on Monday and Tuesday and exchanged lists of the documents at issue. The documents in question comprise a few pages out of over seven hundred that were produced from the Company's file. Only one (a two-page letter) was ultimately the subject of inquiry at Perry's deposition. Several are fax coverage sheets of no consequence at all, whereas others are mere transmittal letters.

Given the prompt effort of Hartford to retrieve the inadvertently produced documents and the tiny number of documents relative to the size of the overall production, the interests of fairness and justice require that said documents be shielded from further discovery and that counsel not be permitted to inquire further with respect to their contents.

II.   **No Basis Exists For Allowing An Open-Ended Resumption of the Deposition Testimony of John Perry**

For similar reasons, Hartford objects to the resumption of the deposition testimony of John Perry. Perry is a property claims specialist for the Hartford who had principal responsibility for the Aresty claim from June 2003 through the date that it was denied on December 2, 2003. The claim was denied following three examinations under oath that were conducted at Perry's request by Hartford's counsel, Lawrence Dugan of Morrison Mahoney LLP.

Perry was interrogated at extensive length at Attorney Hargrove's office on April 5. His deposition was suspended solely based upon an instruction not to answer with respect to two privileged documents. Counsel for Aresty made clear at the time that his suspension was solely due to that instruction. (Indeed, all other depositions have been completed in this matter).

On April 5, Attorney Hargrove questioned John Perry concerning two of these documents. Counsel for Hartford instructed Perry not to answer on the grounds that the communications were privileged. Attorney Hargrove stated, "We're going to suspend Perry's deposition pending what will, undoubtedly, be some incredibly erudite briefs with respect to privileged communications in discovery." (Transcript, p. 156). Counsel for Hartford objected to the suspension to which Hargrove responded,

> Well, as long as we're going to be on the record, I'll state that there were specific questions I asked Perry with respect to documents that I had received during the discovery in this matter. Mr. Perry was instructed not to answer those questions and, as a result, we will have to go see the court to determine whether or not that instruction was appropriate.

As is clear from the foregoing exchange, Perry's deposition was only suspended due to the instruction with respect to the privileged communications. If this Court is inclined to hold that the privilege with respect to those few communications was waived by their inadvertent disclosure on April 1, the resumed deposition of John Perry must at least be limited to the specific areas of inquiry that he was instructed not to answer on April 5.

The Federal Rules of Civil Procedure and the local rules of this District Court do not permit a party to engage in a "round robin" of discovery permitting a party to be deposed on numerous occasions spread over a period of weeks or months so that counsel may successively engage in different lines of inquiry as additional facts come to its attention. While such additional information may provide appropriate lines of inquiry at trial, a defendant is not required to produce a party on multiple separate occasions to be deposed merely owing to the fact that the opposing party has later thought of additional or better questions to ask.

### III. The Inadvertent Production Of A Handful of Documents Is Not A Reasonable Basis For Sanctioning A Wholesale Invasion of the Attorney-Client Privilege

Finally, Aresty asks not only that it be permitted to examine Perry concerning the two letters that were inadvertently produced but that this inadvertent disclosure be deemed a wholesale waiver of the attorney-client privilege that should compel Hartford to disclose all privileged communications with its counsel. Six weeks before trial is set for commence, Aresty asks that it be allowed to obtain access to these files and,

presumably, that it be allowed to re-depose all of Hartford's witnesses based on the contents of any such communications.

Such a claim is wholly unwarranted by the circumstances of this case. Notwithstanding counsel's denial that it is asking this Court to "leverage one or two marginally relevant documents to strip the privilege from every conceivable attorney-client communication between the Hartford and its counsel" (Memorandum, page 14), that is exactly what Aresty is seeking to do. The documents in question, which mainly consist of fax cover sheets and the blandest of transmittal letters, can hardly license the draconian remedy demanded by Aresty.

If Aresty claims to be entitled to these documents to cure "deficiencies in Hartford's deposition testimony" (Memorandum, page 14), it had every opportunity over the past several months to seek discovery of these materials through a Request for Production of Documents or some other appropriate discovery tool. It is utterly inappropriate, on the other hand, for Aresty to seek access to privileged communications through the guise of a Motion to Compel based on the inadvertent production of a few letters and fax cover sheets that went astray.

WHEREFORE, Hartford respectfully asks that the Plaintiff's Motion to Compel be denied and that an Order be entered declaring that the documents in question are subject to a continuing privilege and that it need not produce John Perry for further pre-trial deposition testimony, and for such other and further relief as this Honorable Court may deem just and proper.

                                                                               Respectfully submitted,
The defendant,
Hartford Fire Insurance Company,
By its attorneys,

/s/ Michael F. Aylward

Michael F. Aylward, BBO #024850
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: August 1, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 1st day of August, 2005.

/s/ Michael F. Aylward

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>    Defendant. | DOCKET NO: 04-12532 RWZ |

### AFFIDAVIT OF MICHAEL F. AYLWARD, ESQ. FILED IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Now comes Michael F. Aylward and, being duly sworn, deposes and says as follows:

1.  I am counsel to defendant Hartford Fire Insurance in this case.

2.  Prior to this law suit being filed, my partner Lawrence Dugan was retained by Hartford in the fall of 2003 to conduct the examinations under oath of three principals and employees of Aresty International.

3.  In the course of this litigation, Attorney James Hargrove, representing Aresty, scheduled the deposition of Hartford's claims adjuster (John Perrry) for April 5, 2005. Hargrove also insisted that Hartford's file be produced to him no later than the close of business on Friday, April 1.

4.  On the afternoon of April 1, I couriered several redwells of documents to Hargrove that had produced to me by Hartford and that comprised the Company's entire claims and underwriting file with respect to the Aresty matter.

5.  On the morning of Monday, April 4 I received a call from Hargrove asking if I had a better copy of one of the documents. In the course of reviewing the

documents that we had produced, I noticed an October 2003 Morrison Mahoney bill that had been inadvertently included.

6. Upon discovering this, I e-mailed Hargrove at 11:06 a.m. alerting him to the inadvertent production and asking that the document be returned or destroyed (this and similar communications are appended hereto in chronological order).

7. At 4:37 p.m., Hargrove responded that there were other documents that might likewise be privileged and attached a list of Bates numbers for two letters, three fax cover sheets and the aforementioned invoice.

8. At 4:45 p.m., I responded that it would be helpful to just have the documents since the Bates numbers were created by Goulston & Storrs and were not useful in identifying the stack of original documents that I had maintained. I therefore asked that the documents be produced so that I could provide a privilege log for any that Hartford might be asserting a claim of privilege for.

9. At 5:22 p.m., Hargrove responded that "Bates stamping is always a good idea" but declined to produce or further identify the documents.

10. Faced with this impasse, I reviewed the redwells of documents again and faxed a letter to Hargrove at 8:34 p.m. with a privilege log identifying four documents as to which Hartford was asserting a claim of privilege.

11. The following day, Hargrove attempted to question Perry concerning one of these documents. I instructed Perry not to answer on the grounds of privilege. The deposition was then suspended.

AND FURTHER THE AFFIANT SAYETH NOT.

Signed under the pains and penalties of perjury this 1st day of August, 2005.

/s/ Michael F. Aylward
---
Michael F. Aylward

## Domian, Derek B.

**From:** Michael Aylward [maylward@morrisonmahoney.com]
**Sent:** Monday, April 04, 2005 11:06 AM
**To:** JHargrove@GOULSTONSTORRS.com
**Cc:** DDomian@GOULSTONSTORRS.com
**Subject:** Re: Perry Deposition

Jim:

I've reviewed our file and the copy that we have has the same imperfection as the document that you e-mailed back to me. I have asked John Perry to check to see if he has a more complete copy. If so, I'll forward it to you.

By the way, I note that the materials that we sent you last Friday inadvertently included a Morrison Mahoney invoice. Please either return this document or destroy it. Thank you.

Michael F. Aylward
Morrison Mahoney LLP
(617) 439-7556

1

## Aylward, Michael

| | |
|---|---|
| **From:** | Hargrove, James T. [JHargrove@GOULSTONSTORRS.com] |
| **Sent:** | Monday, April 04, 2005 4:37 PM |
| **To:** | Aylward, Michael |
| **Cc:** | Domian, Derek B. |
| **Subject:** | Aresty v. Hartford |
| **Attachments:** | HartfordDocs.pdf |

<<HartfordDocs.pdf>> Mike - Following your e-mail today regarding the MM&M invoice, attached please find a listing of documents that you have produced that appear to contain attorney-client communications. We shall retain these documents pending further discussion tomorrow prior to Mr. Perry's deposition. We again request that, pursuant to Fed.R.Civ.P. 26(b)(5), you provide us with a privilege log prior to Mr. Perry's deposition.

ARESTY INTERNATIONAL LAW OFFICES PC v. HARTFORD FIRE INSURANCE COMPANY
DOCKET NO. 04-12532-RWZ
DOCUMENTS PRODUCED BY HARTFORD FIRE INSURANCE COMPANY

| BATES RANGE | | DATE | AUTHOR | RECIPIENT | TYPE | CONTENT |
|---|---|---|---|---|---|---|
| BEGIN | END | | | | | |
| HART0529 | HART0530 | 12/3/2003 | Lawrence A. Dugan | John E. Perry | LETTER | discussions concerning denial letter and its ramifications |
| HART0532 | HART0532 | 12/15/2003 | Lawrence A. Dugan | John E. Perry | LETTER | initiation of settlement discussions |
| HART0625 | HART0625 | 12/3/2005 | Lawrence A. Dugan | John E. Perry | FAX COVER | discussions concerning denial letter and its ramifications |
| HART0628 | HART0628 | 12/1/2003 | John E. Perry | Lawrence A. Dugan | FAX COVER | authorization to transmit denial letter |
| HART0630 | HART0630 | 12/16/2003 | Lawrence A. Dugan | John E. Perry | FAX COVER | unknown |
| HART0643 | HART0644 | 10/29/2003 | Lawrence A. Dugan | John E. Perry | INVOICE | services rendered 9/22/03 through 9/30/03 |

## Aylward, Michael

**From:** Hargrove, James T. [JHargrove@GOULSTONSTORRS.com]
**Sent:** Monday, April 04, 2005 5:22 PM
**To:** Aylward, Michael
**Cc:** Domian, Derek B.
**Subject:** RE: Aresty v. Hartford

Mike - Bates stamping is always a good idea. Regardless, the rules state that Hartford is to provide a list of documents that have been withheld or redacted, including information sufficient to identify the document such as author, recipient, date, and subject matter of the communication.

My review of the materials that you have provided appearw to include documents where certain communications have been redacted, however, the document itself does not so indicate. Obviously, if documents have been withheld I would have no way of knowing without the log.

If you do not wish to provide the log, please advise and we can discuss the issue prior to Mr. Perry's deposition tomorrow at 1 p.m.

*****************************************
James T. Hargrove
 goulston&storrs
a professional corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
U.S.A.
direct phone:  (617) 574-3548
direct fax:    (617) 574-7590
http://www.goulstonstorrs.com
*****************************************
Any Attached goulston&storrs Documents Are In WORD 97 Format.

This communication is intended only for the use of the individual or entity named as the addressee. It may contain information which is privileged and/or confidential under applicable law. If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at (617) 574-3548 or via return Internet e-mail to jhargrove@goulstonstorrs.com and expunge this communication without making any copies. Thank you for your cooperation.


-----Original Message-----
From: Michael Aylward [mailto:maylward@morrisonmahoney.com]
Sent: Monday, April 04, 2005 4:45 PM
To: JHargrove@GOULSTONSTORRS.com
Cc: DDomian@GOULSTONSTORRS.com
Subject: Re: Aresty v. Hartford


Jim:

As the Bates ranges are your's, I don't know that I can properly
respond to your request for a privilege log. As noted in my earlier
communication, the only item that we had withheld from what we sent you

earlier were a few items in the file activity notes that identified the actual amount of the MM bill.

I sugget that you or Derek fax me the documents referenced in your e-mail. I'll review them and send you back a privilege log indicating the basis on which we contend any should not be produced.

Michael F. Aylward
Morrison Mahoney LLP
(617) 439-7556

7/13/2005

## Aylward, Michael

| | |
|---|---|
| **From:** | Aylward, Michael [maylward@morrisonmahoney.com] |
| **Sent:** | Monday, April 04, 2005 8:34 PM |
| **To:** | jhargrove@goulstonstorrs.com |
| **Subject:** | #949629 v1 - Aresty Hargrove 4/4/05 Privilege Issues |
| **Attachments:** | KCQL01!.DOC; KCQM01!_1.DOC |

 

KCQL01!.DOC   KCQM01!
(34 KB)      _1.DOC (27 KB)

Attached please find privilege log and cover letter.

Michael F. Aylward
Morrison Mahoney LLP
(617) 439-7556

1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Michael F. Aylward
Phone: (617) 439-7556
Fax: (617) 342-4913
maylward@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

ENGLAND
LONDON

April 4, 2005

James T. Hargrove, Esquire
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110

Re:   Aresty International Law Offices, P.C.
      v. Hartford Fire Insurance Company
      U.S. District Court, Docket No.: 04-12532 RWZ
      Our File No.: 10017102

Dear Jim:

Further to our exchange of messages on Monday, there are several privileged documents that were inadvertently included in the redwells that we produced to you on Friday. I am attaching a privilege log identifying these materials and the basis on which we believe that they are inappropriate for discovery. If you disagree, please call me immediately. Otherwise, I would appreciate your returning them to me or confirming in writing that all copies have been destroyed.

Very truly yours,

Michael F. Aylward

MFA/jdn
Enclosure

# Aresty International v. Hartford Fire Insurance Company

## Documents As To Which Defendant Asserts Claim of Privilege

| Document | Description of Contents | Basis For Withholding |
|---|---|---|
| 10/29/03 invoice (2 pages) from Morrison Mahoney & Miller addressed to John Perry of Hartford | Description of work performed by coverage counsel for Hartford | Letter is a privileged communication containing mental impressions of counsel. |
| 11/19/03 fax from John Perry to Attorney Dugan of Morrison Mahoney | Instruction re denial of insured's claim. | Letter is a privilege communication. |
| 12/15/03 letter (1 page) from Dugan to Perry | Letter forwarding Examination Under Oath and seeking instructions re future activity. | Letter is a privileged communication. |
| 12/3/03 letter (2 pages) from Dugan to Perry | Letter summarizes and comments on demands by insured's public adjuster Berman | Letter is a privileged communication containing mental impressions of counsel. |