UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>    Defendant. | DOCKET NO: 04-12532 RWZ |

### DEFENDANT'S MOTION TO STRIKE DESIGNATION OF PLAINTIFF'S PROPOSED EXPERT, BRUCE SWERLING

Defendant, Hartford Fire Insurance Company ("Hartford"), respectfully asks that this Court enter an order striking the plaintiff's designation of Bruce Swerling as an expert in this matter and barring the plaintiff from introducing any testimony by Swerling in view of plaintiff's failure to make a timely disclosure of Swerling's expert opinions or to make him available to be deposed in sufficient time to allow defendant to respond to or defend itself against his claims.

In further support of this motion, defendant states as follows:

1. This case is scheduled for trial on September 19, 2005.

2. Fed. R. Civ. P. 26(a)(2)(B) requires that any party proposing to present expert testimony at trial must provide the opposing party with a written report setting forth the proposed opinions, the bases therefore and other pertinent information.

3. Fed. R. Civ. P. 26(a)(2)(C) states that, "in the absence of other directions from the court or stipulations by the parties, the disclosures *shall be made at least 90*

*days before the trial date or the date that the case is to be ready for trial...*" (emphasis supplied).

4.    Swerling's involvement in this case was first disclosed as the result of Aresty's Responses to Hartford's First Set of Interrogatories.  On July 13, 2005, Aresty answered an expert interrogatory as follows:

> Aresty expects to call Bruce Swerling, SSPA, as an expert witness at trial to render testimony on the standard of practice in adjusting first party commercial insurance claims, and the insurer's denial of the insured's claim.  Mr. Swerling will also testify to the extent of business income loss caused by the water damage.

5.    The vague and ambiguous description of Swerling's testimony is itself sufficient basis for striking this designation.  See, e.g., Jefferson v. Davis, 131 F.R.D. 522, 527-28 (N.D. Ill. 1990)(expert designation insufficient where it merely stated, in conclusory fashion, that expert was "expected to testify that the defendant used excessive force and improper and negligent tactics in the attempted arrest of the decedent"); LeBarron v. Haverhill Co-Op. School Dist., 127 F.R.D. 38, 40-41 (D. N.H. 1989)(plaintiff's disclosure of expert's report was inadequate under discovery rule where, although plaintiff identified expert and stated generally subject matter on which expert was expected to testify, plaintiff provided no information concerning substance of expert's testimony or grounds upon which testimony would be based).

6.    More to the point, Aresty has never produced a written report by Swerling as required by Fed. R. Civ. P. 26(a)(2)(B) and refuses to produce Swerling for deposition.

7.    Fed. R. Civ. P. 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not,

>unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.

8.    Rule 37(c)(1) has been specifically interpreted to preclude the introduction of expert testimony when a party fails to make appropriate disclosures of anticipated expert testimony.  <u>Indiana Ins. Co. v. Hussey Seating Company</u>, 176 F.R.D. 291, 293 (S.D. Ind. 1991)("pursuant to Rule 37(c)(1), a party's failure to comply with Rule 26(a) results in an automatic and mandatory exclusion of expert testimony, unless the party to be sanctioned can show that the violation was justified or harmless)" (citing <u>Finley v. Marathon Oil Co.</u>, 75 F.3d 1225, 1230 (7th Cir. 1996)).  <u>See also</u> <u>Sullivan v. Glock</u>, 175 F.R.D. 497, 503 (D. Md. 1997) *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506 (D. Md. 1997)("It is incumbent upon counsel to make full and timely disclosures of information regarding their retained experts . . . Failure to do so may well result in the exclusion of the testimony of the expert at trial, in whole or in part.  The days when counsel may 'hide the ball' regarding expert disclosure, and intentionally provide a little, but by no means complete, information about the expected expert testimony are over, and those who continue to do this should not be rewarded for doing so").

9.    The decision whether to exclude an expert based on a failure to comply with Rule 26 is within the sound discretion of the District Court.  <u>Salgado by Salgado v. General Motors</u>, 150 F.3d 735, 739-743 (7th Cir. 1998); <u>Sullivan</u>, 175 F.R.D. at 506-07.

10.    With trial now only weeks ago, Hartford cannot fairly defend itself against those claims that are the apparent subject of Swerling's vaguely-described testimony without first having had the opportunity to depose him based upon a full 26(a)(2)(B) report with sufficient time to retain a rebuttal expert of its own if appropriate.

11. This Court should exercise its considerable discretion and preclude Aresty from offering Swerling as an expert witness at trial.

WHEREFORE, defendant Hartford Fire Insurance Company, respectfully asks that this Honorable Court enter an order striking plaintiff's designation of Swerling as a proposed expert witness in this case and precluding plaintiff from calling Bruce Swerling as a witness at trial, and for such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
> The defendant,
> Hartford Fire Insurance Company,
> By its attorneys,
>
> /s/ Michael F. Aylward
> _____
> Michael F. Aylward, BBO #024850
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA  02210
> (617) 439-7500

Dated:  August 16, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P.. this 16th day of August, 2005.

> /s/ Michael F. Aylward
> _____
> Michael F. Aylward