UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARESTY INTERNATIONAL LAW OFFICES, P.C.,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br>    Defendant. | DOCKET NO: 04-12532 RWZ |

## REPLY BRIEF OF DEFENDANT, HARTFORD FIRE INSURANCE COMPANY, IN SUPPORT OF ITS MOTION TO STRIKE DESIGNATION OF PROPOSED EXPERT

Through the haze of a legal argument befitting the end of a long hot summer, it may be discerned that plaintiff, Aresty International, opposes Hartford's Motion to Strike the Designation of Aresty's Proposed Expert, Swerling, on three grounds. First, Aresty suggests that the Motion is technically deficient in that defendant has failed to certify an effort to resolve these claims. Second, plaintiff suggests that it had no obligation to comply with Fed. R. Civ. P. 26(a)(2) since this Court had not set a formal schedule for pre-trial discovery or the designation of experts. Finally, plaintiff appears to argue that this sanction is unfair because it harms its case.

1. Prior to filing this Motion, defendant had contacted plaintiff on no less than five occasions seeking some accommodation[1] and each time met with rejection. Any further conversation or conference of the sort contemplated by Rule 37.1 would plainly have been futile, as further evidenced by the failure of plaintiff to make any sort of offer of compromise in response to this Motion in the two weeks since it was filed. Denying the motion on these grounds would only reward plaintiff for its intransigence.

---

[1] Copies of these letters and e-mail communications are appended hereto for the court's reference.

Immediately after receiving plaintiff's Answer to Interrogatories listing Swerling as a proposed expert, counsel for Hartford sent the following e-mail:

> Jim:
>
> I see that you have listed Bruce Swerling as a potential expert. For whatever reason, the court has never set a pre-trial schedule that includes a cut off for discovery, much less dates for designating and deposing experts. While we could request one, it would seem to make better sense at this point to just agree on dates between now and September 19 when you'd provide us with Swerling's report and make him available for deposition so that we can decide whether or not to counter-designate.

Not having received any response to this e-mail, counsel sent a letter on July 26, 2005 as follows:

> Dear Jim:
>
> I had expected to hear form you by now with respect to the e-mail that I forwarded to you a week ago concerning the involvement of Bruce Swerling in this matter. As I understand it from your recent Interrogatory Answers, you propose to produce Mr. Swerling as an expert concerning Hartford's handling of your client's claim. As yet, however, I have not received an expert report from Mr. Swerling. In view of the fact that this case is scheduled for trial in six weeks, please let me know when I may expect to receive such a report and all documents that Mr. Swerling has relied on so that I may schedule his deposition.

On July 28, 2005, counsel for Aresty finally responded to the effect that Swerling would not be asked to write a report, nor would he be available to testify until after all fact discovery had been completed. After receiving this Court's Order of August 3 rejecting Aresty's effort to undertake new lines of inquiry in the deposition of John Perry or to compel the disclosure of new documents, counsel for Hartford wrote to plaintiff on August 4, 2005 again asking that Swerling and his report be produced even if said production was subject to supplementation before trial in the unlikely event that Perry's

2

upcoming testimony concerning two letters that he had received from counsel elicited new or relevant testimony impacting his opinions.

On August 10, 2005, counsel for Aresty responded:

> *You have asked us for Mr. Bruce Swerling's expert report. Please know that we cannot ask Mr. Swerling to form his opinions and conclude the report until we've been permitted to finish discovery. Given the dates we've proposed to you for the remaining depositions, we should be in a position to provide you with the report well in advance of trial, which will allow you enough time to depose Mr. Swerling if you wish.*

To suggest, therefore, that Hartford's claim is deficient by reason of its failure to reference the foregoing efforts to resolve this claim amicably and without the assistance of this Court is unfair and unreasonable.

2. Aresty's insistence on close adherence to the Local Rules of this District Court seem a bit arbitrary inasmuch as Aresty has itself has utterly ignored the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure, in particular, the requirement that reports be submitted within 90 days of the date of trial. As this Court will recall from prior conferences in chambers, it was not believed at the outset that there would be any need for expert discovery. Insofar as Aresty determined at some point in time that it wished to call an expert, it was incumbent on Aresty to provide a report as provided for under Rule 26(a)(2) or to request that an appropriate schedule be entered that would permit the timely filing of such report. As a result, plaintiff has continued to delay providing such a report to the point that there is no realistic prospect that Hartford would be able to examine this witness and/or counter-designate an expert witness of its own before the case is scheduled for trial on September 19, 2005.

3. Finally, plaintiff suggests that the requested sanction is draconian. Such a sanction is entirely appropriate, however, where plaintiff's willful delay in designating an

3

expert has so substantially prejudiced the ability of Hartford to defend itself or respond. See <u>Sullivan v. Glock, Inc.</u>, 175 F.R.D. 497, 506 (D. Md. 1997)("the days when counsel may 'hide the ball' regarding expert disclosure, and intentionally provide a little, but by no means complete, information about the expected expert testimony are over, and those who continue to do this should not be rewarded for doing so").

Notably, despite the fact that Hartford has sought this material since July 15, 2005, Aresty has made no effort to reach a compromise or provide even a preliminary report, even after this Motion to Strike was filed two weeks ago. It is plain that Aresty's strategy is to delay the production of this claimed expert testimony until the very eve of trial, when it would be too late for Hartford to effectively respond. Such a strategy of delay and stonewalling should not be countenanced, and Hartford's Motion to Strike should be granted.

>                              Respectfully submitted,
>                              The defendant,
>                              Hartford Fire Insurance Company,
>                              By its attorneys,
>
>                              /s/ Michael F. Aylward
>                              _____
>                              Michael F. Aylward, BBO #024850
>                              MORRISON MAHONEY LLP
>                              250 Summer Street
>                              Boston, MA  02210
>                              (617) 439-7500

Dated: August 30, 2005

I hereby certify that this document has been served upon all counsel of record in compliance with the Fed. R. Civ. P. this 30th day of August, 2005.

/s/ Michael F. Aylward
-----------------------------
Michael F. Aylward

## Aylward, Michael

**From:** Aylward, Michael
**Sent:** Friday, July 15, 2005 5:00 PM
**To:** 'jhargrove@goulstonstorrs.com'
**Subject:** Aresty

Jim:

I see that you have listed Bruce Swerling as a potential expert. For whatever reason, the court has never set a pre-trial schedule that includes a cut off for discovery, much less dates for designating and deposing experts. While we could request one, it would seem to make better sense at this point to just agree on dates between now and September 19 when you'd provide us with Swerling's report and make him available for deposition so that we can decide whether or not to counter-designate.

Thanks.

8/29/2005

# Morrison Mahoney llp

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Michael F. Aylward
Direct Dial: (617) 439-7556
Direct Fax: (617) 342-4913
maylward@morrisonmahoney.com

| Massachusetts | Connecticut |
|---|---|
| Boston | Hartford |
| Fall River | New York |
| Springfield | New York |
| Worcester | New Jersey |
| | Parsippany |
| Rhode Island | England |
| Providence | London |

July 26, 2005

James T. Hargrove, Esquire
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110

Re:  Aresty International Law Offices, P.C.
     v. Hartford Fire Insurance Company
     U.S. District Court, Docket No.:  04-12532 RWZ
     Our File No.:  10017102

Dear Jim:

I had expected to hear from you by now with respect to the e-mail that I forwarded to you a week ago concerning the involvement of Bruce Swerling in this matter. As I understand it from your recent Interrogatory Answers, you propose to produce Mr. Swerling as an expert concerning Hartford's handling of your client's claim. As yet, however, I have not received an expert report from Mr. Swerling. In view of the fact that this case is scheduled for trial in six weeks, please let me know when I may expect to receive such a report and all documents that Mr. Swerling has relied on so that I may schedule his deposition.

Very truly yours,


Michael F. Aylward

MFA/jdn

# Morrison Mahoney llp

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Michael F. Aylward
Direct Dial: (617) 439-7556
Direct Fax: (617) 342-4913
maylward@morrisonmahoney.com

| Massachusetts | Connecticut |
|---|---|
| Boston | Hartford |
| Fall River | New York |
| Springfield | New York |
| Worcester | New Jersey |
| Rhode Island | Parsippany |
| Providence | England |
| | London |

August 4, 2005

Derek Domian, Esquire
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA  02110

Re:   Aresty International Law Offices, P.C.
      v. Hartford Fire Insurance Company
      U.S. District Court, Docket No.:  04-12532 RWZ
      Our File No.:  10017102

Dear Derek:

Thank you for your letter of July 28, 2005 confirming Mr. Aresty's deposition and responding to my inquiry with respect to when we may expect to receive a report from Mr. Swirling.

Respectfully, and particularly in light of Judge Zobel's recent order barring Aresty from opening new lines of deposition testimony in this case, you cannot delay producing Mr. Swirling. Furthermore, I very much doubt that any testimony that might subsequently be obtained from Mr. Pollicino or Mr. Perry will be anything other than a cumulative restatement of facts that are already well known to you and Mr. Swirling through the voluminous documents and deposition testimony that already exist. While I understand that you may wish to reserve the right to have Mr. Swirling prepare an updated report in the unlikely event that some additional relevant testimony is obtained, I must ask that a report be produced forthwith and that we be provided with dates upon which Mr. Swirling is available to be deposed.

Also, per my letter of July 14, please let me know when the various documents that were referenced in your responses to Hartford's first request for production of documents will be available for review.

1154876v1

**Morrison Mahoney** LLP

August 4, 2005
Page 2

       Thank you for your attention to this matter.

                                  Very truly yours,

                                  Michael F. Aylward

MFA:cgt

cc:    James T. Hargrove, Esquire

1154876v1



**goulston&storrs**
counsellors at law

August 10, 2005

Michael Aylward, Esq.
Morrison Mahoney
250 Summer Street
Boston, Massachusetts 02210

Re: <u>Aresty International Law Offices, P.C. v. Hartford Fire Insurance Company</u>

Dear Michael:

This letter will respond to several issues that have been raised in recent correspondence. First, in response to your August 10 fax, we kindly decline your offer to stipulate to the anticipated testimony of Mr. Pollicino in lieu of deposition. No one disputes that Mr. Pollicino had some involvement in the Hartford's response to Aresty's 93A demand letter. We feel the prudent and appropriate course to take is to elicit testimony from Mr. Pollicino himself on exactly what that involvement was. Also, if it's the logistics of the deposition that concern you, we both have offices in New York and would be glad to use one of them if necessary. We are confident we can reach a mutually convenient arrangement without having to involve the Court. As an alternative to your comment regarding a protective order, may we suggest a Rule 16(a) conference with the Court should we fail to agree on arrangements.

You have asked us for Mr. Bruce Swerling's expert report. Please know that we cannot ask Mr. Swerling to form his opinions and conclude the report until we've been permitted to finish discovery. Given the dates we've proposed to you for the remaining depositions, we should be in a position to provide you with the report well in advance of trial, which will allow you enough time to depose Mr. Swerling if you wish.

You have also asked us several times for documents that you suggest exist but that we haven't yet produced in connection with the Hartford's First Request for Documents. In response to the First Request, we provided you documents bearing the bates range ARES 0001-0307, which we represented to you comprised all the documents in Aresty's possession, custody, and control that were responsive to your requests, excepting documents relating to the calculation of valuable papers, which are currently being created. We will forward you those documents as soon as we receive them. If you feel that there are other documents we have failed to produce to you, please specify what you believe those documents to be.

Finally, in response to your August 5 letter, and in light of the foregoing, we would respectfully ask that you follow up with Mr. Pollicino concerning his availability on August 19

Michael Aylward
August 10, 2005
Page 2

for deposition. As we've explained, we're willing to conduct the deposition at a mutually convenient location, whether that would be in New Jersey or New York. Also, please confirm Mr. Perry's availability for the week of August 29.

    We appreciate your attention to these matters.

Very truly yours,

Derek B. Domian

cc: James T. Hargrove, Esq.
GSDOCS\1518585.1